RAMIREZ, C.J.,
concurring.
I wholeheartedly agree with Judge Salter’s opinion. I write only to expand on how Mr. Markham’s unemployment benefits were initially denied. According to the Notice of Determination made by a “G.E. Williams,” Mr. Markham was denied unemployment benefits because he was “discharged for failure to properly notify the employer of an absence. The claimant’s actions were not in the best interests of the employer.” Based on this, Mr. Williams concluded that the discharge was for misconduct connected with the work.
Misconduct is defined in section 443.036(29) of the Florida Statutes:
“Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The Unemployment Appeals Commission, ably represented by M. Elaine Howard, refused even to discuss at oral argument how the failure to notify the employer of one absence can ever constitute misconduct. The Commission took the position that its actions and those of the appeals referee were actions that the statutory provisions clearly prescribed. This is an absurdity that flies in the face of any interest in fairness, which ultimately leaves Mr. Markham out of luck. Likewise, it does not matter that Mr. Williams may be laboring under the misimpression that misconduct somehow includes actions that are not “in the best interests of the employer,” a standard not found in the statute. Thus, Oak Construction Co., Inc. saved itself the additional unemployment taxes it may have incurred, and can discharge Mr. Markham with impunity. This in the midst of an economic recession and Mr. Markham’s inability to receive any assistance from the Agency for Workforce Innovation. We are powerless to redress this grave injustice.